In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-01-00926-CR

____________


GARY FELIX AVILA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 337th District Court 

Harris County, Texas

Trial Court Cause No. 877,577






O P I N I O N

 Appellant was charged by indictment with felony driving while intoxicated (DWI). 
The court assessed punishment at 4 years in prison. 

BACKGROUND


 On November 5, 2000, Officer Mungia of the Humble Police department received a
call from his dispatcher. The dispatcher informed Officer Mungia that a civilian witness had
called the police because appellant was driving his car while intoxicated. Officer Mungia
drove to where the witness was, and, upon arriving, the witness pointed out appellant. 
Appellant was stopped at an intersection, and Officer Mungia ran a check on appellant's
license plates. Officer Mungia discovered that appellant's registration was expired, and,
when the lights at the intersection turned green, Officer Mungia turned on his siren and
pulled appellant over.

 Once appellant was pulled over, Officer Mungia approached appellant's car. Officer
Mungia noticed that appellant's breath smelled of alcohol, his eyes were bloodshot, and he
had slurred speech. When appellant stepped out of his car, appellant swayed and was unable
to stand up straight. At this point, a Harris County Constable stopped by the scene to see if
Officer Mungia needed help. The constable called another deputy who was with the Harris
County Selected Traffic Enforcement Program for DWI and asked him to come to the scene
and administer field sobriety tests to appellant.

 Appellant admitted to having drunk six beers and to having taken NyQuil and
Theraflu. The deputy administered a field sobriety test, and appellant failed the test. 

DISCUSSION


 In his only point of error, appellant states that he was denied effective assistance of
counsel by his trial counsel's failure to object to hearsay about "erratic driving facts by the
arresting officer."

 Appellant contends that "Officer's Mungia's testimony recounting alleged
observations of the mystery driver were hearsay." However, in his brief, appellant has
completely failed to direct us to any inadmissible hearsay testimony to which his trial counsel
could have made an objection. Accordingly, we overrule appellant's only point of error. 

 We affirm.







 Sam Nuchia

 Justice


Panel consists of Justices Schneider and Justices Nuchia and Radack .

Do not publish. Tex. R. App. P. 47.